LEMAN C. MINER, Jr., Respondent, *v.* BERNHARD BARON *et al.*, Appellants.

*Court of Appeals, March 25, 1892.*

*Evidence. Explanation.*—Where, in an action on a contract, the defendant introduces a letter received from the plaintiff in order to show, by expressions therein, a cancellation of a contract, and thus to establish such defence, it is competent for the latter to put in evidence a newspaper article in explanation of his letter and of the cause for writing it, but not as proof in support of his case.

Appeal from judgment of the supreme court, general term,, second department, affirming judgment in favor of plaintiff entered on verdict.

*Leopold Wallach,* for appellants.

*George W. Roderick,* for respondent.

GRAY, J.—The complaint set forth a contract between the parties by which the plaintiff, as the owner of certain letters patent issued to him as the owner and patentee of an invention for a segar perforator, agreed, for a consideration moving from the defendants, at the expiration of three months, either to transfer his interest in the patent for the sum of $3,250, or, at the option of the defendants, to give them the sole and exclusive right to manufacture and sell the patented article upon terms which required them to guarantee the manufacture within three years of at least 13,000 of the perforators, and to pay plaintiff a royalty of twenty-five cents for each. It alleged that the defendants elected under the contract to take the exclusive right for the three years, provided for as the alternative to a purchase of the patentee's interest. It then alleged that subsequently to the making

of that election, by mutual consent, the contract was modified or altered in such wise as that the defendants were to manufacture and to pay the royalties upon 4,000 of the perforators during one year, and that the plaintiff in consideration of this modification should have the right to manufacture and sell the article to other persons. The plaintiff demanded judgment for a sum which would represent the difference between what would be due for royalties upon the 4,000 perforators, if manufactured as agreed under the modification of the contract, and the amount paid upon 200 perforators actually manufactured, with interest upon the amount so due. The answer admitted the allegations as to the contract and as to the election by the defendants under its provisions, but set up as a separate defense that it had been subsequently agreed between the parties that the contract and the election made thereunder should be utterly abandoned and canceled.

The issue thus presented was, what did the parties in the end agree to? The plaintiff recovered a verdict for the amount of his demand.

Upon the trial the plaintiff gave evidence that at an interview, in January, 1888, between himself and one of the defendants, they agreed to the modification or alteration of the contract as he had alleged in the complaint. Upon his cross-examination by defendant's counsel a letter from him to the defendants was introduced, written subsequently to the interview in which he demanded an explanation of a cut, or illustration, and an accompanying article just appearing in a newspaper called " Tobacco," and which gave the public to understand that the defendants owned and controlled the patent. The plaintiff accused the defendants in this letter of practicing a " sharp and cunning " piece of business in view of the fact that a short time previously " the contract * * * was canceled by mutual consent." Upon his redirect examination the plaintiff was asked to state how he came to write the letter, and he said that it was because

just after the agreement made between him and the defendants he had seen the article in the paper called " Tobacco."

The paper was then offered by the plaintiff in evidence and an objection to its reception was overruled and an exception taken. The defendants insist that the ruling was erroneous; because, as it appeared that the article had not been inserted nor authorized by the defendants, it was both irrelevant to the issue and, as evidence in the case, tended to prejudice the defendants in the minds of the jurors. The exception, however, is untenable. The introduction in evidence of the paper was justifiable in explanation of the plaintiff's letter and of the cause for writing it. The defendants, obviously, had called out the letter, in order to show, by expressions of the plaintiff, a cancelation of the contract, and thus to establish their defence. It was competent, therefore, for the plaintiff to put in evidence the newspaper article, as the subject of his letter, to explain and qualify what he had written, and to rebut any inference which the defendants might argue as deducible therefrom. The paper was not admissible as evidence in support of the plaintiff's allegations respecting the agreement arrived at, nor as proof in support of his case; but he was entitled to have· the newspaper article, referred to in his letter, considered in connection with and as an explanation of the letter itself. Nor could its reception in evidence be considered, in any light, as prejudicial to the defendants. The only issue in the case was whether at the interview in January the contract had been modified, as the plaintiff alleged and testified; or whether it had been wholly abandoned, as the defendants alleged and testified.

The recovery of the plaintiff depended upon the credence which the jury should attach to the evidence; and its amount was not a variable sum, to be fixed according to the caprice or whims of the jurors, but was a certain sum. With respect to the liability of the defendants, the trial judge charged the jury that it must be for the sum demanded and that they might give interest upon it.

After the plaintiff had rested upon his evidence, and the defendant's part of the case was being made out, a motion was made on their behalf to strike out the admission in their answer that they had elected, under the terms of the contract, to take the right for three years to manufacture and sell 13,000 perforators. This was to obviate the effect of defendants' evidence contradicting it, and was urged to have been a mistake of the pleader. But the motion was denied. The denial was not placed on the ground of any want of power. This is apparent from the remark of the judge, that he did not think it was fair to allow the change to be made at that stage of the case. It was an exercise of discretion on his part, and, therefore, will not be reviewed in this court.

No other error is presented calling for our consideration, and the judgment should be affirmed, with costs.

All concur, except FINCH, J., absent.